UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SANDRA LINDSEY,

        Plaintiff,

        v.                                      Case No. 04-C-0087

ST. PAUL FIRE AND HOME INS. CO.,
METLIFE AUTO AND HOME INSURANCE CO.,
SCOTT WITTLIFF,
LEE HEATING, COOLING & APPLIANCE,
MATRIX FINANCIAL SERVICES CORPORATION,
and THE CITY OF RACINE,

        Defendants.

---

ORDER GRANTING MOTION TO DISMISS FOR PLAINTIFF'S FAILURES
TO PROVIDE DISCOVERY, OBEY COURT ORDER, AND PROSECUTE HER CASE

        In an order dated and filed March 8, 2006, this court denied Sandra Lindsey's motion for a protective order to block her deposition and granted the defendants' motion to compel her deposition testimony. Details regarding the attempt to depose Lindsey in June 2005 and her refusal to be deposed thereafter are set forth in the March 8 order and will not be repeated here.

        As an alternative to their motion to compel, defendants had moved for dismissal of the case based on Lindsey's refusal to be deposed. In the March 8 order, the court denied the dismissal motion because *at that time* "dismissal for the canceling of the deposition would be too drastic a sanction." (Order of 3/8/06 at 10.) The court noted that Lindsey may not have realized that canceling her deposition could result in dismissal. Plus, when Lindsey canceled the deposition she was not violating a court order compelling her to testify, so as to

justify dismissal under Fed. R. Civ. P. 37(b)(2) ("If a party . . . fails to obey an order to provide or permit discovery, the court . . . may make such orders in regard to the failure as are just, [including dismissal]." (*Id.*)

The court ordered Lindsey to appear for her deposition within twenty-one days, i.e., by March 29, 2006, at a reasonable time and location chosen by defense counsel. Moreover, the court warned Lindsey that if she failed to comply with the court order, the defendants could again move to dismiss this case under Fed. R. Civ. P. 37(b) and 41(b) as a sanction for the failure to provide discovery, to obey the court order, and to prosecute the case.

Defense counsel scheduled Lindsey's deposition for March 29, 2006, at 9:00 a.m. at the Racine office of the attorney for the City of Racine.[1] Lindsey was notified of the date, time, and location of the deposition by telephone on March 13, 2006. (Joint Mot. to Dismiss, Attach. 2 (Wochos Aff.), ¶ 4.) On that same date, Attorney Amy E. Wochos (attorney for St. Paul and MetLife) also sent to Lindsey by mail a joint notice of deposition on behalf of all defendants. (*Id.*, Attach. 2, ¶ 5, Ex. A (joint notice of deposition).)

Lindsey appeared a little before 9:00 a.m., accompanied by her ex-husband, Willie Norman. (Knurr Aff. filed 3/30/06 ¶ 3; Zablocki Aff. ¶ 4; Joint Mot. to Dismiss, Attach. 2, Ex. B (transcript of deposition) at 1-2.) Counsel allowed Norman to sit in on the deposition. (Knurr Aff. filed 3/30/06 ¶ 3; Zablocki Aff. ¶ 4.)

Attorney Wochos began questioning at 8:51 a.m. (Joint Mot. to Dismiss, Attach. 2, Ex. B at 2, 4.) After about an hour, at 9:57 a.m., Lindsey requested a break. (*Id.* at 56;

---

[1]Three of the four defense attorneys in this case are from Milwaukee, but the deposition was set for Racine, where Lindsey lives.

Knurr Aff. filed 3/30/06 ¶ 5.) Questioning resumed at 10:04 a.m. (Joint Mot. to Dismiss, Attach. 2, Ex. B at 56.) Less than half an hour later, at 10:31 a.m., Lindsey requested another break; counsel allowed her a thirteen minute break, until 10:44 a.m. (*Id.* at 73-74; Knuff Aff. filed 3/30/06 ¶ 6.)

Immediately after Lindsey and the attorneys returned from the second break, Lindsey declared: "We're going to have to call it. We're going to have to set it up at 12 because I need to eat and rest, and we can take it another day." (Joint Mot. to Dismiss, Attach. 2, Ex. B at 74.) The following discussion then took place between Wochos and Lindsey:

> Q. We have to finish this today.
>
> A. No.
>
> Q. We keep –
>
> A. At 12 – If we don't finish at 12, I'm still going to leave, because I've got to go take care of something.
>
> Q. We'll take a lunch break.
>
> . . . .
>
> . . . . Why don't we clear this up right now? We will take a lunch break. We can take that at whatever point you'd like to take. We do have to come back today and finish up this deposition.
>
> WITNESS: I got other – Well, go ahead. We'll deal with this at 12.
>
> . . . .
>
> . . . . I'm going to do what I said I'm going to do.

(*Id.* at 74-75.)

Questioning resumed for about half an hour. At 11:15 a.m., Lindsey proclaimed she was hungry. (*Id.* at 98.) Counsel said a lunch break was acceptable provided that Lindsey returned to finish the deposition; they told her they expected her back at 12:15 p.m. (*Id.* at 99.) Lindsey responded: "You don't need to expect me back nothing. . . . As far as I'm concerned, everything I have is documented with the courts." (*Id.* at 100.) Lindsey then announced that she would return at 2:00 p.m. (*Id.*) When counsel told her that was unacceptable, she said that she had "other pressing things to do." (*Id.* at 101.) At that point, she stood up and walked out, taking with her several exhibits she had brought, which defense counsel had not been given a chance to copy or address in questioning. (*Id.* at 101-02.) Norman remained in the room; counsel advised him to tell Lindsey that the deposition would resume at 12:15 p.m., and he said he would tell Lindsey. (Joint Mot. to Dismiss, Attach. 2, Ex. B at 101.) Lindsey may have heard this statement, as she was still in the hallway outside the conference room. (*Id.*, Attach. 2, ¶ 9.)

Lindsey did not return at 12:15 p.m., nor did she call. (*Id.*, Attach. 2, ¶ 13, Ex. B at 101-02; Knurr Aff. filed 3/30/06 ¶ 9; Zablocki Aff. ¶ 4.) Counsel and the court reporter waited until 1:01 p.m. and then left. (Joint Mot. to Dismiss, Attach 2, ¶ 12; Knurr Aff. filed 3/30/06 ¶ 9; Zablocki Aff. ¶ 4.) When the deposition was terminated by Lindsey, Wochos still had numerous questions to ask. (Joint Mot. to Dismiss, Attach. 2, ¶ 14.) None of the other attorneys had a chance to question Lindsey. (Joint Mot. to Dismiss, Attach. 3 (Zablocki Aff. of 4/10/06) ¶ 5, Attach. 4 (Arrowood Aff.) ¶ 5; Knurr Aff. filed 4/13/06 ¶ 3.)

At approximately 3:30 p.m. Norman returned to the law office with another man and served on Knurr Lindsey's "Notice Request for Rescheduling Deposition" and a response to a pending motion to extend the deadline for summary judgment briefing. (Knurr Aff. filed

4

3/30/06 ¶ 10; Zablocki Aff. ¶ 4.) Lindsey never returned to the law office to complete her deposition. (Knurr Aff. filed 3/30/06 ¶ 11; Zablocki Aff. ¶ 4.)

According to the date and time stamp, Lindsey filed the Notice Request for Rescheduling Deposition with the court on March 29, 2006, at 2:15 p.m., even before Norman returned to the law office in Racine.[2] In the document, Lindsey gives notice to all defendants "that she will be available to be deposed further in the event Defendant counsels [sic] demand same." (Notice Req. for Rescheduling Dep. (Doc. 199).) Lindsey states for the record that she timely appeared for her deposition, at which she was deposed "for almost three hours before having to leave for health reasons." (*Id.*) She continues that "the record of that deposition will reveal that the Defendants lacked any further substantive inquiry whereby the questions being posed were merely repetitious." (*Id.*) Lindsey states that she would be available for further depositions "just as long as these sessions are concluded within a **reasonable** amount of time." (*Id.*)

On April 12, 2006, all defendants moved jointly for dismissal of the case based on Lindsey's termination of her deposition after only two hours of questioning. A certificate of service indicates that a copy of the motion was mailed to Lindsey on April 12. (Joint Mot. to Dismiss, Attach. 5.) To date Lindsey has not responded to the motion.

The court ordered Lindsey to appear for her deposition, and that meant more than simply showing up and then leaving prematurely when she felt like it. Lindsey was questioned for about two hours. Pursuant to Fed. R. Civ. P. 30(d)(2), counsel could have

---

[2]Based on http://www.mapquest.com (last visited May 10, 2006) the United States Courthouse at 517 E. Wisconsin Avenue, Milwaukee, Wisconsin is approximately 28.13 miles and a thirty three minute drive from the office of Attorney Knurr, which the docket indicates is loated at 6800 Washington Avenue, Racine, Wisconsin.

5

questioned Lindsey for up to seven hours. Only one attorney had the opportunity to ask questions, and that attorney had not even finished. It was not for Lindsey to determine whether defense counsel "lacked any further substantive inquiry." Further, Lindsey's opinion that the questions were repetitious is immaterial. Pursuant to the Federal Rules of Civil Procedure and this court's order, Wochos was allowed to continue questioning, and then the other attorneys were allowed to question Lindsey as well. It was not for Lindsey to decide when the deposition was over.

In the March 8 order this court warned Lindsey that dismissal was possible, even likely,[3] if she failed to appear for her deposition. This court treats Lindsey's walk out of the deposition after two hours of questioning the same as a failure to appear for her deposition altogether. As noted in the March 8 order, Lindsey's deposition testimony is crucial to the case and the primary source for defendants to discover the factual basis of her claims. However, Lindsey's conduct prevented defense counsel from obtaining that testimony.

Further, as the court warned Lindsey in the March 8 order, she is not free to dictate the scheduling of her deposition, as she again tries to do in her Notice Request for Rescheduling Deposition. Lindsey claimed that health reasons precipitated the termination of the deposition, but her statements in the transcript of March 29 suggest she had things to do that she deemed more important. However, Lindsey was given plenty of time to arrange her schedule to accommodate the deposition. Further, her ability both to prepare her Notice Request to Reschedule Deposition and get it filed in person in Milwaukee just a few hours after leaving the deposition indicate that health was not an issue that day.

---

[3]The court instructed defense counsel to file another motion to dismiss if Lindsey failed to appear for her deposition. (Order of 3/8/06 at 17.)

6

Lindsey again thwarted the defendants' attempt to depose her and, by failing to cooperate in being deposed, thumbed her nose at the order of this court. Pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 41(b), the court will dismiss the case for Lindsey's failure to obey the court's order to submit to deposition, her failure to provide discovery, and her failure to prosecute her case. The dismissal will be with prejudice.

Defendants ask for an award of "all allowable costs and disbursements." (Joint Mot. to Dismiss at 1.) At this time, the court will award them all costs relating to the March 29 deposition, which Lindsey thwarted. All other requested costs in the case, and the exact amount of the costs related to the March 29 deposition, should be submitted to the clerk of court pursuant to the normal procedure for his determination.

Therefore,

IT IS ORDERED that the defendants' joint motion to dismiss for Lindsey's failure to provide discovery, failure to obey a court order, and failure to prosecute her case is granted.

IT IS FURTHER ORDERED that this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 41(b).

IT IS FURTHER ORDERED that defendants are awarded all costs relating to the March 29, 2006, deposition of Lindsey.

IT IS FURTHER ORDERED that all other pending motions are denied as moot.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge